IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JAN 2 0 2011

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 10-cv-01889-BNB

LESTER L. WASHINGTON, Bth, MA, M.ED., ABD,

   Plaintiff,

v.

COLORADO STATE UNIV. FT. COLLINS, et al.,

   Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, Lester L. Washington, filed *pro se* a Title VII Complaint (Doc. #3). In a "Notice of Reefilled [sic] Complaint . . ." (Doc. #7) filed in conjunction with the Title VII Complaint, Mr. Washington asserts that he is refiling the claims that were the subject of a previous action in this court. See *Washington v. Colo. State Univ.*, No. 09-cv-02970-ZLW (D. Colo. May 12, 2010), *aff'd*, No. 10-1254 (10th Cir. Dec. 15, 2010). Civil action number 09-cv-02970-ZLW was dismissed without prejudice for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

The court must construe the Title VII Complaint liberally because Mr. Washington is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Washington will be ordered to file an amended complaint.

The court has reviewed the Title VII Complaint and finds that the Title VII

Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Washington fails to provide a short and plain statement of his claims showing that he is entitled to relief. The Title VII Complaint is forty-eight pages long with 155 pages of attachments. Mr. Washington asserts twenty-one numbered claims for relief against forty-three named Defendants. Within the twenty-one numbered claims for relief Mr. Washington makes conclusory allegations regarding violations of numerous federal and state laws as well as provisions of the United States and Colorado constitutions. However, the Title VII Complaint fails to comply with the pleading

requirements of Rule 8 because Mr. Washington fails to allege, clearly and concisely, what specific claims for relief he is asserting against each named Defendant and he fails to identify the specific factual allegations that support each asserted claim. In short, Mr. Washington's repetitive, conclusory, and sometimes irrelevant factual allegations do not provide a clear and concise statement of the specific claims he is asserting against each Defendant in this action. Mr. Washington cannot satisfy the requirements of Rule 8 by alleging in conclusory fashion that Defendants have discriminated against him or mistreated him and that a number of different statutes were violated. Neither the court nor the Defendants are required to guess in order to determine the specific factual allegations that are being asserted in support of each claim.

For these reasons, Mr. Washington will be ordered to file an amended complaint if he wishes to pursue his claims in this action. Mr. Washington is advised that it is his responsibility to present his claims clearly and concisely in a manageable format that allows the court and the Defendants to know what claims are being asserted and to be able to respond to those claims. Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005). Mr. Washington also is advised that, in order to comply with Rule 8, he must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957). In fact, for the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is

permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.* Therefore, Mr. Washington should take care to ensure that his amended complaint provides a clear and concise statement of the claims he is asserting in this action. Accordingly, it is

ORDERED that Mr. Washington file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Washington, together with a copy of this order, two copies of the following form: Title VII Complaint. It is

FURTHER ORDERED that, if Mr. Washington fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED January 20, 2011, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  10-cv-01889-BNB

Lester L. Washington
P.O. Box 494
Fort Collins, CO 80522-0494

I hereby certify that I have mailed a copy of the **ORDER and two copies of the Title VII Complaint form** to the above-named individuals on January 20, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk