F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 0 2 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-01889-BNB

LESTER L. WASHINGTON, BTL, MA, M.ED., ABD,

    Plaintiff,

v.

COLORADO STATE UNIV. Ft. Collins, et al.,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Lester L. Washington, initiated this action by filing *pro se* a Title VII Complaint (Doc. #3). At the same time, Mr. Washington filed a "Notice of Reefilled [sic] Complaint . . ." (Doc. #7) in which he stated that he was refiling claims that were dismissed without prejudice in a previous action in this Court. *See Washington v. Colo. State Univ.*, No. 09-cv-02970-ZLW (D. Colo. May 12, 2010), *aff'd*, No. 10-1254, 2010 WL 5094274 (10th Cir. Dec. 15, 2010). Because Mr. Washington's appeal in 09-cv-02970-ZLW was pending when he filed the instant action, Magistrate Judge Boyd N. Boland entered an order staying the proceedings in this action pending the resolution of Mr. Washington's appeal.

On January 20, 2011, following issuance of the mandate in 09-cv-02970-ZLW, the stay was lifted and Magistrate Judge Boland entered an order directing Mr. Washington to file an amended complaint in this action that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On February 22, 2011,

Mr. Washington filed a motion to file an amended complaint as directed (Doc. #16), a motion to file an amended list of exhibits at a later date (Doc. #17), and an amended Title VII Complaint (Doc. #18). The motion for leave to file an amended complaint as directed (Doc. #16) will be granted, the motion to file an amended list of exhibits at a later date (Doc. #17) will be denied as moot, and the Court will consider the amended Title VII Complaint (Doc. #18) filed on February 22.

The Court must construe the amended complaint liberally because Mr. Washington is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Therefore, the amended complaint is held to standards less stringent than those governing a formal pleading drafted by lawyers. *See id.* However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the amended complaint filed by Mr. Washington and finds that the amended complaint also fails to comply with the pleading requirements of Rule 8. The twin purposes of a pleading are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and

plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Magistrate Judge Boland determined that Mr. Washington's original complaint did not comply with the pleading requirements of Rule 8 because Mr. Washington failed to provide a short and plain statement of his claims showing that he is entitled to relief. In particular, Magistrate Judge Boland noted that Mr. Washington's repetitive, conclusory, and sometimes irrelevant factual allegations did not provide a clear and concise statement of the specific claims he is asserting in this action. Because Mr. Washington was asserting employment discrimination claims pursuant to Title VII in the original complaint along with a number of claims pursuant to a variety of other federal and state statutes and provisions of the United States and Colorado constitutions, Magistrate Judge Boland advised Mr. Washington that he must present all of his claims clearly and concisely in a manageable format that allows the Court and the Defendants to know what specific claims are being asserted against them and to be able to respond to those claims. Magistrate Judge Boland also advised Mr. Washington that the pleading requirements of Rule 8 are not satisfied by alleging in conclusory fashion that Defendants have discriminated against him and that a number of different statutes have been violated because such allegations do not make clear what specific claims are

being asserted. Neither the Court nor the Defendants are required to guess in order to determine the specific factual allegations that are being asserted in support of each claim. See **Garrett v. Selby Connor Maddux & Janer**, 425 F.3d 836, 840 (10th Cir. 2005) (stating that the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). Finally, Magistrate Judge Boland advised Mr. Washington that, in order to comply with Rule 8, he must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." **New Home Appliance Ctr., Inc., v. Thompson**, 250 F.2d 881, 883 (10th Cir. 1957). For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id*.

Mr. Washington's amended complaint is thirty-five pages long, lists twenty-six Defendants, and includes seventeen numbered claims for relief. In addition to claiming that his rights under Title VII have been violated, Mr. Washington again asserts claims in the amended complaint pursuant to a variety of other federal and state statutes and provisions of the United States and Colorado constitutions.

The Court finds that the amended complaint does not provide a short and plain statement of Mr. Washington's claims showing that he is entitled to relief because he fails to allege, clearly and concisely, the specific facts that support each claim being asserted. Mr. Washington does provide a short list of his claims in the amended complaint that could be useful in ascertaining the specific claims being asserted. (**See**

Doc. #18 at p.8.) However, the actual discussion of the claims being asserted on the following pages of the amended complaint often is not consistent with the short list. For example, Mr. Washington describes his first claim as a Title VII claim asserting "unfair job, EEOC employment practices, and retaliations." (Doc. #18 at p.8.) However, Mr. Washington's actual first claim is not limited to an alleged violation of Title VII. Instead, Mr. Washington contends in his first claim that Defendants engaged in unfair discrimination against him in violation of Title VII and "Section 1981, 1983, 1985, 1986, sections 1981a(a) and 1981a(b)(2) of this Title" (*id.* at p.14), without explaining how the various statutes he cites were violated.

Furthermore, Mr. Washington fails to allege specific facts in support of the claims he is asserting. For example, Mr. Washington alleges in his first claim that he was subjected to "unfair employment practices due to race, gender, age, disability, [and] for engaging in protected activities" (*id.*) without differentiating between the various discrimination claims he apparently is asserting. Mr. Washington's conclusory references to discrimination "against him and other African[-]American and African[-]American male students, staff, employees, and visitors" (*id.*) is not sufficient to state a short and plain claim of racial or gender discrimination, let alone a claim of age or disability discrimination.

In short, Mr. Washington's conclusory assertions throughout the amended complaint that his rights under a variety of federal and state statutes and federal and state constitutional provisions have been violated by numerous individuals and entities are not sufficient to give Defendants fair notice of the claims being asserted against

them. Instead, Mr. Washington places an unreasonable burden on the Court and Defendants to identify both the specific claims for relief that are being asserted against each Defendant and what specific allegations support each asserted claim. As Mr. Washington has been advised previously, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore, the Court finds that the amended complaint fails to comply with the pleading requirements of Rule 8 and the action will be dismissed for that reason. Accordingly, it is

ORDERED that the motion for leave to file an amended complaint as directed (Doc. #16) is GRANTED. It is

FURTHER ORDERED that the motion to file an amended list of exhibits at a later date (Doc. #17) is DENIED as moot. It is

FURTHER ORDERED that the complaint (Doc. #3), the amended complaint (Doc. #18), and the action are dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

DATED at Denver, Colorado, this __2nd__ day of ___March___, 2011.

BY THE COURT:

__s/Lewis T. Babcock__
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10-cv-01889-BNB

Lester L. Washington
P.O. Box 494
Fort Collins, CO 80522-0494

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on March 2, 2011.

                                  GREGORY C. LANGHAM, CLERK

                                  By: _____
                                              Deputy Clerk