IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 2 1 2011

GREGORY C. LANGHAM
CLERK

Civil Action No. 10-cv-01889-LTB

LESTER L. WASHINGTON, BTL, MA, M.ED., ABD,

Plaintiff,

v.

COLORADO STATE UNIV. Ft. Collins, et al.,

Defendants.

---

## ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, Lester L. Washington, has filed *pro se* on March 15, 2011, a motion to reconsider (Doc. #22) asking the Court to reconsider the Court's Order of Dismissal and the Judgment entered in this action on March 2, 2011. The Court must construe the motion liberally because Mr. Washington is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion will be denied.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). The Court will consider Mr. Washington's motion to reconsider pursuant to Rule 59(e) because the

motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

The Court dismissed the instant action without prejudice because Mr. Washington failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure despite specific instructions regarding the requirements of Rule 8 and an opportunity to file an amended pleading that complies with Rule 8. Mr. Washington's amended complaint is thirty-five pages long, lists twenty-six Defendants, and includes seventeen numbered claims for relief asserting violations of Title VII and a variety of other federal and state statutes and provisions of the United States and Colorado constitutions. The Court specifically determined that the amended complaint did not provide a short and plain statement of Mr. Washington's claims showing that he is entitled to relief because Mr. Washington's conclusory assertions that his rights under a variety of federal and state statutes and federal and state constitutional provisions have been violated by numerous individuals and entities are not sufficient to give

2

Defendants fair notice of the claims being asserted against them.

The Court notes initially that the motion to reconsider also does not include a short and plain statement of the grounds on which Mr. Washington is seeking reconsideration. Instead, Mr. Washington makes verbose, conclusory, and repetitive allegations that the Court is blocking his efforts to pursue his claims, that his amended complaint is shorter and more concise than other complaints that have not been dismissed, and that he actually has combined a total of fourteen lawsuits into three concise actions.

Upon consideration of the liberally construed motion to reconsider and the entire file, the Court finds that Mr. Washington fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. Mr. Washington was directed to file a pleading that complies with the pleading requirements of Rule 8 and he was given specific instructions regarding the pleading requirements of Rule 8. The Court's order dismissing this action reiterates those requirements and identifies how Mr. Washington's amended complaint failed to comply with those requirements. Mr. Washington's repeated assertions that he has complied with the pleading requirements of Rule 8 when he clearly has not does not convince the Court that reconsideration is appropriate in this action. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the motion to reconsider (Doc. #22) filed on March 15, 2011, is denied.

DATED at Denver, Colorado, this __21st__ day of ___March_____, 2011.

BY THE COURT:


___s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 10-cv-01889-BNB

Lester L. Washington
P.O. Box 494
Fort Collins, CO 80522-0494

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on March 21, 2011.

GREGORY C. LANGHAM, CLERK

By:_____
          Deputy Clerk